## BOWES vs. FRENCH.

A and B submitted a claim of the former against the latter, to C D *sole* referee, under a rule from a Justice of the Peace, drawn in the usual form ; and requiring the report of the referee to be made to the C. C. Pleas. After a hearing and award made, the parties agreed in writing, that it might be opened, and that they would abide by it. *Held,* that the submission was not binding, being to *one* referee only and not to *three* ; — that, if it were good as a submission at common law, *debt* or *covenant* would be the proper remedy, and not *assumpsit ;* — that, the subsequent agreement could not be regarded as separate from the submission and founded on a new consideration, so that *assumpsit* might be maintained thereon.

This was an action of *assumpsit*, founded upon the award of an arbitrator and a written agreement touching said award. The submission was in the usual form of a rule from a Justice of the Peace, signed, *sealed* and acknowledged by the parties, but there was one referee only therein appointed. The rule also required a return of the report of the referee to the then next term of the C. C. Pleas.

The award was in writing on the back of the rule, and in favor of the plaintiff for $44, 39.

After the making of the award, the parties entered into the following agreement in writing, with regard to it, *viz :* " We hereby agree and consent that the decision of the arbitrator in the case between us may be this day opened and made known ; and we do further agree to abide by said decision."

The writ contained four counts. The first was on the award. The second was on the written agreement entered into after the award was made. The third and fourth were on the account annexed, and for money lent and accommodated. In support of these counts the plaintiff offered in evidence the submission, award, and subsequent agreement — to all which the defendant objected. But *Ruggles J.* admitted them. The defendant also contended that the action should have been *debt* or *covenant* on the agreement of submission, and not *assumpsit*. But the Court ruled that the action was rightly brought — and the jury thereupon returned a verdict for the plaintiff.

To the ruling of the Judge the defendant took exceptions and brought the case up to this Court.

*Adams*, for the defendant, maintained that the action should have been *covenant* or *debt*, and to this point cited, 1 *Dane's Abr.* 260 ; 5 *Dane's Abr.* 125 ; *Tullis* v. *Sewall, Ohio Rep.* 653.

By the submission, the defendant was to be liable only *conditionally*, to wit, on the return of the report to the C. C. Pleas and judgment thereon. This has not been done, and no action therefore can be maintained. *Kingsley* v. *Bill & al.*, 9 *Mass.* 198 ; *Worthing* v. *Stevens*, 4 *Mass.* 448 ; *Monosiet* v. *Post & al.*, 4 *Mass.* 532.

Again, this submission is not binding because made to only *one* referee, instead of *three*, the number required by statute.

Nor can any action be maintained on the subsequent agreement, it being *without consideration*.

*P. H. Greenleaf*, for the plaintiff.

Where there is a subsequent parol agreement not inconsistent with the deed and founded on a sufficient consideration, *assumpsit* lies upon such agreement. *White* v. *Parkins*, 12 *East*, 578.

In this case, the submission and award were a sufficient consideration for the agreement.

The parties have a right to alter and modify the terms of sealed instruments. *Hall* v. *Brown*, 15 *Johns.* 194.

This case is analagous to that, where *assumpsit* was brought for the balance of a sum agreed to be paid by a sealed instrument. *Danforth* v. *The Scoharie Turnp. Corp.* 12 *Johns.* 231.

Or where money is awarded to be paid at different times — there assumpsit lies for each sum as it becomes due. *Cooke* v. *Usherwood*, 2 *Saund.* 337.

Or where the assignee of a respondentia bond might bring *assumpsit*, the obligor having agreed to pay to any assignee. *Fenner* v. *Mears*, 2 *Blk.* 1269, commented on in *Weston* v. *Barker*, 12 *Johns.* 282.

Or where the time named in an arbitration bond for the award to be made, was enlarged by agreement, no action would lie on the bond — it should have been *assumpsit*. *Caldw. on Arbit.* 190.

So where two enter into articles of copartnership for seven years, in which was a covenant to account yearly and to adjust;

and they dissolve before the seven years expire, and strike a balance, and the defendant promises to pay, *assumpsit* lies on the promise. *Foster* v. *Allanson*, 2 *T. R.* 480 ; *Monrovia* v. *Levy*, *ib.* 483, *note*.

The authorities cited on the other side all relate to cases brought on the *submission* and therefore do not apply.

It is admitted that the submission in this case is not good under the statute — but it is good at common law. The provision requiring a report to the C. C. Pleas may be rejected as surplusage. Or it may be considered as having been waived by the subsequent agreement to have the report opened out of Court.

WESTON J. delivered the opinion of the Court.

The parties agreed to submit the demand, made by the plaintiff upon the defendant, to arbitration ; and for that purpose executed under their seals an instrument of submission, which they acknowledged before a Justice ; it being what is usually called a Justice's rule. On the back of the instrument, also under the seals of the parties, is an extension of the liability of the defendant. The arbitrator, having made his award, the parties on the eleventh day of *May*, 1833, by a writing under their hands not under seal, agreed and consented that the decision of the arbitrator, in the case between them, might be on that day opened and made known ; and they further agreed to abide by said decision.

An objection is made to the form of the action, it being insisted that it should have been debt or covenant, and not assumpsit. To this it is replied, that the action is brought, not upon the instrument of submission, but upon the subsequent promise to abide the result. We cannot regard that promise as any thing more than a recognition of what they had before agreed, under their seals. It was founded upon no new consideration. It did not vary or extend the terms of the submission, nor was it applied to any new subject matter whatever. A parol or written promise to pay a bond, or fulfil a covenant, will not change the remedy of the party to whom made. The higher security remains in force, and the proper action, if not paid or fulfilled, is debt or covenant.

By the terms of the submission, the report was to receive the sanction of the Common Pleas. The defendant had a right to

insist upon this condition. The plaintiff, however, had it not in his power to obtain this sanction, the submission not having pursued the statute, having been made to one arbitrator, instead of three. The intention of the parties might thereby be defeated; but the acceptance of the report by the Common Pleas, was made a condition precedent to the liability of the defendant. If impossible, the judgment of the referee could not be enforced. But it is contended that this condition might be, and was, waived by the defendant. If it was, his liability to abide the award depended upon the submission, for which the appropriate remedy was debt or covenant.

In *White* v. *Parkins,* 12 *East,* 578, assumpsit was sustained upon an agreement, which formed no part of the charter party. It was a separate contract, covering a period, and embracing services, not provided for in the instrument under seal. So in *Foster* v. *Allanson,* 2 *T. R.* 480, the account settled between the parties, the balance of which the defendant expressly promised to pay, contained matter not included in the previous covenant. The note of *Monravia* v. *Levy,* appended to that case, is very brief. It was at Nisi Prius, before *Justice Buller.* The defendant had covenanted to account. He did so; and a balance was struck, which he expressly promised to pay. Upon this promise, *Buller J.* sustained assumpsit; probably upon the ground that the covenant was fulfilled, when the party accounted.

*Exceptions sustained.*